MARK J. CONNOT (10010)
REX D. GARNER (9401)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, #700
Las Vegas, Nevada 8915
(702) 262-6899 tel
(702) 597-5503 fax
mconnot@foxrothschild.com
rgarner@foxrothschild.com
*Attorneys for Plaintiff EL AL Israel Airlines, Ltd.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EL AL ISRAEL AIRLINES, LTD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SWISSPORT USA, INC.; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　　Defendants. | Case No.:  2:21-cv-00517-GMN-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |

Pursuant to Local Rule IA 26-3, Plaintiff EL AL Israel Airlines, Ltd. ("Plaintiff" or "EL AL") and Defendant SWISSPORT USA, INC. ("Swissport") stipulate to extend the deadlines in the order dated August 6, 2021 (ECF No. 19).  As provided herein, good cause supports this request.

I. 　　The completed discovery.

　　A. 　　Discovery completed by Plaintiff

　　　　1. 　　Written Discovery and Disclosures

| Date | Description | Response |
|---|---|---|
| 6.17.2021 | Plaintiff El Al Israel Airlines, Ltd.'s Initial Disclosures Pursuant to FRCP 26 | N/A |

| Date | Description | Response |
|---|---|---|
| 9.3.2021 | Plaintiff El Al Israel Airlines, Ltd.'s First Supplemental Initial Disclosures Pursuant to FRCP 26 | N/A |
| 9.27.2021 | Plaintiff's First Set of Interrogatories to Defendant | Responses due 10.27.2021 |
| 9.27.2021 | Plaintiff's First Set of Document Requests to Defendant | Responses due 10.27.2021 |
| 10.5.2021 | Plaintiff El Al Israel Airlines, Ltd.'s Second Supplemental Initial Disclosures Pursuant to FRCP 26 | N/A |

**B.    Discovery completed by Defendants**

**1.    Written Discovery and Disclosures**

| Date | Description | Response |
|---|---|---|
| 6.17.2021 | Defendant Swissport USA, Inc.'s Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) | N/A |
| 7.21.2021 | Swissport USA, Inc.'s Interrogatories to El Al Israel Airlines, Ltd. | Responses done 9.3.2021 |
| 7.21.2021 | Swissport USA, Inc.'s Requests for Production to El Al Israel Airlines, Ltd. [Set One] | Responses done 9.3.2021 |
| 10.19.2021 | Defendant Swissport USA, Inc.'s First Supplemental Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) | N/A |

**2.    Subpoenas**

| Date | Description | Recipient |
|---|---|---|
| 7.20.2021 | Subpoena to Produce Documents | U.S. Airline Services, LLC |
| 7.20.2021 | Subpoena to Produce Documents | Clark County Department of Aviation |
| 7.20.2021 | Subpoena to Produce Documents | Nevada Airline Services, LLC |

For each of the subpoenas, Swissport requested the non-parties respond by August 2, 2021. Swissport received documents in response to the subpoena to Clark County Department of Aviation and produced them on October 19, 2021. Swissport expected to receive documents from US Airline Services on October 15, 2021 but has not yet received them. Swissport is also awaiting word from Nevada Airline Services to determine if it is an affiliate/subsidiary of US Airline Services such that a single response/production to the subpoena will suffice.

### 3. Depositions

The parties anticipate noticing depositions shortly after completion of written discovery and document productions.

## II. Discovery that remains to be completed.

Plaintiff is supplementing its responses to Swissport's written discovery with newly available evidence from internal and outside sources. Plaintiff also awaits responses by the end of October (barring any courtesy extensions) to the written discovery it sent to Swissport. Swissport also awaits responses to the subpoenas served upon U.S. Airline Services, LLC and Nevada Airline Services, LLC. The parties will review those responses/documents to determine if additional written discovery and/or subpoenas need to be served.

The parties anticipate noticing the depositions of certain witnesses listed in each other's disclosures, including percipient witnesses to the incident, investigators of the incident, and Rule 30(b)(6) representatives.

Expert and rebuttal expert disclosures/depositions also remain.

## III. The reasons why the remaining discovery was not completed within the time limits imposed by the discovery plan

Based on pre-answer requests from the Court and responses thereto, the parties did not file their discovery plan with the Court until the presumptive 180-day period had nearly expired. The parties have been working diligently to fully respond to discovery requests that have been served on one another, and have granted professional courtesies on brief extensions to same.

The targets of Swissport's subpoenas have been slow to respond, and brief accommodations have been extended as professional courtesies. Both parties, including many employees, offices, representatives, and their counsel continue to work remotely based on the pandemic, which causes delay in the time needed to gather necessary documents and information for disclosures and for responses to discovery requests. Delays associated with document discovery from the parties and non-parties have delayed the commencement of depositions and the preparation of expert reports.

Local Rule 26-3 governs modifications or extensions of the scheduling order. Pursuant to LR 26-3, any motion or stipulation to extend discovery must be received by the Court "no later than twenty-one (21) days before the expiration of the subject deadline." LR 26-3 further states that "a request made within 21 days of the subject deadline must be supported by a showing of good cause."

The parties recognize that they are requesting an extension of certain deadlines within 21 days of the expiration of the November 3, 2021, deadline to disclose expert witnesses and reports. As such, the parties submit that, based on the above delays beyond their control, good cause exists to permit granting the instant requested extension. In evaluating "good cause" this Court has held "[t]he 'good cause' standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed.R.Civ.P. 16(b)." *Tanya Victor v. Walmart, Inc.*, No. 2:20-cv-0101591, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021). Good cause to extend the discovery deadlines is found where "it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In the present matter, as noted, the parties' efforts have been hampered by non-parties' failure to comply with subpoenas and provide responsive documents despite service of subpoenas in early August. Responsive documents should have been disclosed by the non-parties in early September but, as stated herein, the parties are still waiting for responses from U.S. Airline Services, LLC and Nevada Airline Services, LLC.

Here, the extension request is made in good faith as certain discovery deadlines could not be met due to the actions of non-parties, the request is advanced jointly by the parties, and not for the purposes of delay.  Trial in this matter has not yet been set.  Moreover, since this request is a joint request, neither party will be prejudiced.

This request for an extension of deadlines is not sought for any improper purpose or other purpose of delay.  Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery, disclose expert witnesses, and adequately prepare their respective cases for trial.

The parties respectfully submit that the reasons set forth above constitute compelling reasons for the extension and that the failure to act was the product of excusable neglect.

**IV.    The proposed schedule for completing all remaining discovery.**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Amending and Adding Parties | October 4, 2021 | N/A |
| Initial Expert Disclosures | November 3, 2021 | February 1, 2022 |
| Rebuttal Expert Disclosures | December 3, 2021 | March 3, 2022 |
| Close of Discovery | January 2, 2022 | April 2, 2022 |
| Dispositive Motions | February 2, 2022 | May 2, 2022 |
| Pretrial Order (including FRCP 26(a)(3) disclosures) | March 3, 2022, or 30 days after the resolution of the final dispositive motion or further order by the court | June 2, 2022 |

**[ATTORNEY SIGNATURE BLOCK AND ORDER ON FOLLOWING PAGE]**

| | |
|---|---|
| DATED this 22nd day of October, 2021 | DATED this 22nd day of October, 2021 |
| **FOX ROTHSCHILD LLP** | **WILEY PETERSEN** |
| */s/ Rex D. Garner* <br> MARK J. CONNOT, ESQ. <br> Nevada Bar No. 10010 <br> REX D. GARNER, ESQ. <br> Nevada Bar No. 9401 <br> 1980 Festival Plaza Drive, Suite 700 <br> Las Vegas, Nevada 89135 <br> mconnot@foxrothschild.com <br> rgarner@foxrothschild.com | */s/ Jason M. Wiley* <br> JASON M. WILEY, ESQ. <br> Nevada Bar No. 9274 <br> ROBERT J. CALDWELL, ESQ. <br> Nevada Bar No. 7637 <br> 1050 Indigo Drive, Suite 200-B <br> Las Vegas, Nevada 89145 <br> jwiley@wileypetersenlaw.com <br> rcaldwell@wileypetersenlaw.com |
| *Attorneys for Plaintiff El Al Israel Airlines, Ltd.* | *Attorneys for Defendant Swissport USA, Inc.* |

**IT IS SO ORDERED:**

**DATED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

Dated this 22nd day of October, 2021